DETROIT FREE PRESS, INC
v DEPARTMENT OF ATTORNEY GENERAL

Docket No. 264273. Submitted February 7, 2006, at Detroit. Decided May
16, 2006. Approved for publication June 22, 2006, at 9:00 a.m.
Leave to appeal sought.

Detroit Free Press, Inc., brought an action against the Department of
Attorney General in the Oakland Circuit Court after the Attorney
General's office informed the Free Press that it would charge fees for
producing and copying documents that the Free Press requested
under Michigan's Freedom of Information Act (FOIA), MCL 15.231
*et seq.* The trial court, Deborah G. Tyner, J., granted the plaintiff's
motion for summary disposition with respect to the fees for producing
the documents because there was no showing that failure to charge
the fees would result in unreasonably high labor costs, but denied the
motion with respect to the copying fees because the per-page charge
was within FOIA's parameters. Concluding that the plaintiff had
prevailed in part, the trial court granted the plaintiff's motion for
attorney fees and costs. The defendant appealed the award of fees and
costs.

The Court of Appeals *held*:

An award of attorney fees and costs is authorized by FOIA for a
party that has prevailed under § 10 of FOIA, MCL 15.240, but not to
a party, like the plaintiff, that has prevailed under § 4 of FOIA, MCL
15.234.

Reversed.

RECORDS — FREEDOM OF INFORMATION ACT — FEES AND COSTS.

Michigan's Freedom of Information Act does not authorize an award
of fees and costs to a party that has prevailed under § 4 of the act,
which relates to assessing the costs of producing and copying
documents requested under the act (MCL 15.234).

*Honigman Miller Schwartz and Cohn LLP* (by *Herschel P. Fink* and *Lara Fetsco Phillip*) for the plaintiff.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*,
Solicitor General, and *Thomas Quasarano*, Assistant
Attorney General, for the defendant.

Before: MURRAY, P.J., and CAVANAGH and SAAD, JJ.

SAAD, J. In this action under Michigan's Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, defendant appeals the trial court's order that awarded plaintiff attorney fees and costs. We reverse.

### I. FACTS AND PROCEDURAL HISTORY

Detroit Free Press, Inc., requested documents from the Attorney General's office that refer to direct wine shipments into Michigan. The Attorney General's office sent a letter to the Free Press that granted its request for any existing, nonexempt documents and denied its request for exempt documents. The Attorney General's office added that it would charge $20 an hour for three hours of labor to search, review, and separate the documents and $0.25 per page to copy approximately 541 pages, plus mailing costs. The letter further stated that the Attorney General's office would mail the nonexempt documents to the Free Press as soon as it received a deposit to partially cover the above costs. The Free Press sent what it referred to as an appeal to the Attorney General and (1) asked for reconsideration of the copying fees, (2) argued that labor fees are unnecessary because the request was not unduly burdensome, and (3) asked the Attorney General to clarify the decision to exempt certain documents from disclosure. The Attorney General declined to alter the decision, and the Free Press filed this action in Oakland Circuit Court.

Specifically, the Free Press alleged that the Attorney General violated FOIA by *constructively denying* its request through the imposition of a labor charge and excessive copying charges. The Free Press's complaint did not assert a claim with regard to the Attorney

General's partial denial of its FOIA request on the ground that the documents are exempt from disclosure.

The trial court granted summary disposition to the Free Press on the Attorney General's labor charge because it ruled that, under MCL 15.234(3), a government agency may not charge a labor fee unless the failure to do so would result in an unreasonably high cost to the agency. According to the trial court, the Attorney General failed to show that not charging the $60 labor fee would result in unreasonably high labor costs to the Attorney General's office. However, the trial court denied the Free Press's motion for summary disposition on the copying fees because the Attorney General established that the per-page charge was within the appropriate parameters of FOIA. The Attorney General chose not to appeal the trial court's ruling on the labor charge.

Thereafter, the Free Press filed a motion for attorney fees and costs that totaled $33,830.60. The trial court ruled that the Free Press prevailed in part under MCL 15.240(6), and it awarded the paper $15,989.75 in fees and costs.

## II. ANALYSIS

We hold that the trial court erred when it awarded attorney fees and costs to the Free Press. Attorney fees are available under § 10 of FOIA if a public body, in a final determination, denies an information request and the court orders production of the documents. Here, the Free Press did not bring this action under § 10, the Attorney General granted the information request and, indeed, made special efforts to accommodate the Free Press's request at a minimal cost, and the trial court did not order the Attorney General to disclose the requested documents because they were freely disclosed by the Attorney General.

Under FOIA's § 10(6), MCL 15.240(6), if a party prevails in part under § 10, "the court may, in its discretion, award all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements." To prove that a plaintiff prevailed in an action, the plaintiff must demonstrate that " 'prosecution of the action was necessary to and had a causative effect on the delivery of or access to the document.' " *Hartzell v Mayville Community School Dist*, 183 Mich App 782, 788; 455 NW2d 411 (1990), quoting *Walloon Lake Water Sys, Inc v Melrose Twp*, 163 Mich App 726, 733; 415 NW2d 292 (1987).

Section 10, MCL 15.240, of the FOIA provides, in relevant part:

(1) If a public body makes a final determination to deny all or a portion of a request, the requesting person may do 1 of the following at his or her option:

\* \* \*

(b) Commence an action in the circuit court to compel the public body's disclosure of the public records within 180 days after a public body's final determination to deny a request.

\* \* \*

(4) In an action commenced under subsection (1)(b), a court that determines a public record is not exempt from disclosure shall order the public body to cease withholding or to produce all or a portion of a public record wrongfully withheld, regardless of the location of the public record.

\* \* \*

(6) If a person asserting the right to inspect, copy, or receive a copy of all or a portion of a public record prevails

in an action commenced under this section, the court shall award reasonable attorneys' fees, costs, and disbursements. If the person or public body prevails in part, the court may, in its discretion, award all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements. The award shall be assessed against the public body liable for damages under subsection (7).

It is undisputed that the Free Press brought this action not to challenge the Attorney General's failure to deliver the requested documents, but to challenge the labor and copying costs charged by the Attorney General. Section 4, MCL 15.234, provides, in part:

(1) A public body may charge a fee for a public record search, the necessary copying of a public record for inspection, or for providing a copy of a public record. Subject to subsections (3) and (4), the fee shall be limited to actual mailing costs, and to the actual incremental cost of duplication or publication including labor, the cost of search, examination, review, and the deletion and separation of exempt from nonexempt information as provided in section 14. . . .

(2) A public body may require at the time a request is made a good faith deposit from the person requesting the public record or series of public records, if the fee authorized under this section exceeds $50.00. The deposit shall not exceed ½ of the total fee.

(3) In calculating the cost of labor incurred in duplication and mailing and the cost of examination, review, separation, and deletion under subsection (1), a public body may not charge more than the hourly wage of the lowest paid public body employee capable of retrieving the information necessary to comply with a request under this act. Fees shall be uniform and not dependent upon the identity of the requesting person. A public body shall utilize the most economical means available for making copies of public records. A fee shall not be charged for the cost of search, examination, review, and the deletion and separation of exempt from nonexempt information as provided in

section 14 unless failure to charge a fee would result in unreasonably high costs to the public body because of the nature of the request in the particular instance, and the public body specifically identifies the nature of these unreasonably high costs. A public body shall establish and publish procedures and guidelines to implement this subsection.

The plain language of the statute compels the conclusion that the Free Press did not prevail under § 10. Rather, the Free Press prevailed, in part, under § 4 because the trial court ruled that the Attorney General failed to provide sufficient evidence to show why the $60 labor fee was necessary to avoid an unreasonably high cost to the department. Further, the trial court did not order production of the documents, as contemplated by an action falling under § 10, but merely ruled that the labor charge was not supported under § 4. Under the unequivocal language of § 10, the Attorney General did not "deny" the Free Press's information request, and the trial court did not compel disclosure of the information under § 10. Yet the act is clear that the attorney fees and costs are available only if the party "prevails in an action commenced under" § 10. The Free Press did not prevail under § 10 because there is no showing that the "prosecution of the action was necessary to and had a causative effect on the delivery of or access to the document." *Hartzell, supra.* Instead, the Free Press prevailed, in part, under § 4, and § 4 contains no provision for the award of fees and costs. Accordingly, the trial court had no basis for awarding $15,989.75 in fees and costs, and we reverse.[1]

---

[1] We reject the Free Press's argument that the Attorney General "constructively denied" its request for the information by imposing $60 in labor costs. Clearly, the Free Press is attempting to fit this action into § 10 in order to justify the imposition of attorney fees. However, as this

Reversed.[2]

Court recently explained in *Twentieth Century Fox Home Entertainment, Inc v Dep't of Treasury*, 270 Mich App 539, 545; 716 NW2d 598 (2006), "Nothing will be read into a clear statute that is not within the manifest intention of the Legislature as derived from the language of the statute itself, *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002), and courts may not speculate about the probable intent of the Legislature beyond the language expressed in the statute, *Cherry Growers, Inc v Agricultural Marketing & Bargaining Bd*, 240 Mich App 153, 173; 610 NW2d 613 (2000)."

[2] Because we conclude that the Free Press was not entitled to attorney fees and costs, we need not address the Attorney General's argument that the amount awarded by the trial court was excessive.