# STATE OF MICHIGAN

# COURT OF APPEALS

PETER ARABO,

       Plaintiff-Appellant,

v

MICHIGAN GAMING CONTROL BOARD,

       Defendant-Appellee.

FOR PUBLICATION
May 5, 2015

No. 318623
Oakland Circuit Court
LC No. 2013-133668-CZ

Before: BECKERING, P.J., and JANSEN and BOONSTRA, JJ.

JANSEN, J. (*concurring in part and dissenting in part*).

I concur with the majority's determination that defendant Michigan Gaming Control Board (MGCB) did not actually grant plaintiff's request under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, when it informed plaintiff that it was "grant[ing] your request for existing, non-exempt information in our possession that is relevant to your request." See *King v Mich State Police*, 303 Mich App 162, 189-191; 841 NW2d 914 (2013). Indeed, I conclude that the MGCB's letter to plaintiff operated as a constructive denial of his FOIA request. Accordingly, the circuit court erred by dismissing plaintiff's claim on the ground that the MGCB had granted the request.

I also concur with the majority that plaintiff sufficiently pleaded a claim for injunctive or declaratory relief with respect to whether the fees charged by the MGCB were excessive and violative of § 4 of FOIA, MCL 15.234. See *Lash v Traverse City*, 479 Mich 180, 196; 735 NW2d 628 (2007). As the majority correctly points out, this Court has implicitly recognized such a claim to challenge a fee under § 4 of FOIA in the past. See *Detroit Free Press, Inc v Dep't of Attorney Gen*, 271 Mich App 418, 423; 722 NW2d 277 (2006).[1]

Contrary to the majority, however, I cannot conclude that Count I of plaintiff's complaint was properly dismissed for the alternative reason that plaintiff failed to pay the requested deposit under MCL 15.234(2). Plaintiff challenged the fee charged by the MGCB, including the amount of the requested deposit. The majority reasons that plaintiff had a right to challenge the amount

---

[1] I further concur with the majority regarding the disposition of the discovery issues raised in this case.

-1-

of the fee by way of a request for injunctive or declaratory relief, but nevertheless concludes that plaintiff's claim was properly dismissed because he did not pay the challenged deposit. In my opinion, this reasoning is illogical. Until the circuit court rules on plaintiff's claim challenging the overall fee under § 4, how can it possibly be said that plaintiff was required to pay the requested deposit of $2,151.67?

MCL 15.234(2) provides that "[a] public body may require at the time a request is made a good faith deposit from the person requesting the public record or series of public records, if the fee authorized under this section exceeds $50.00. The deposit shall not exceed ½ of the total fee." The MGCB claims that responding to plaintiff's FOIA request would require it to pay an employee $41.78 per hour, for an estimated 103 hours, or a total of $4,303.34. The MGCB requested that plaintiff pay a deposit of one-half of this amount, or $2,151.67.

Plaintiff requested two sets of information from the MGCB: (1) a list of countermeasures "approved by the Michigan [G]aming Control Board" that were then or previously in effect authorizing the casinos to prevent card-counters from profiting at the game of blackjack, and (2) a list of MGCB rules allowing the casinos to exclude skillful blackjack players or skillful players of others games. In other words, plaintiff's FOIA request was limited to present and past MGCB rules, policies, interpretative statements, meeting minutes, and similar records that should have been easy to identify, locate, and reproduce. Surely, the MGCB is aware of its own rules, policies, interpretative statements, meeting minutes, and other similar records. Such documents are readily available to the agency, and it would take minimal time to review and compile them.

I am at pains to understand the MGCB's assertion that plaintiff's straightforward FOIA request would require 103 hours of labor at an hourly rate of $41.78. Nor do I understand why the MGCB would be required to review 6,206 pages of documents to comply with plaintiff's request. The MGCB's letter informing plaintiff that he was required to pay for 103 hours of labor at a rate of $41.78 per hour, and make a good-faith deposit of $2,151.67, was clearly designed to discourage plaintiff and frustrate his attempt to obtain disclosable public records. Such deceptive action by a public agency violates the purpose and spirit of FOIA, undermines faith in our state government, and cannot be tolerated.

Until it is determined whether the MGCB charged a proper fee under MCL 15.234(1) and (3), this Court cannot possibly determine whether plaintiff was required to pay the requested deposit of $2,151.67 under MCL 15.234(2). If the overall fee of $4,303.34 is found to be excessive (as I believe it likely is), the amount of the good-faith deposit permitted by MCL 15.234(2) will necessarily decrease. These are questions for the circuit court on remand.

I would reverse the circuit court's dismissal of Count I of plaintiff's complaint and remand for a determination of a reasonable deposit under MCL 15.234(2). Only after making such a determination can the circuit court reach the merits of plaintiff's claim under § 10 of FOIA, MCL 15.240. I would also grant reasonable appellate attorney fees and costs under MCL 15.240(6) and the reasoning of *Rataj v Romulus*, 306 Mich App 735, 756; 858 NW2d 116 (2014).

/s/ Kathleen Jansen