# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

LEGO v LISS

Docket Nos. 149246 and 149247. Argued October 14, 2015 (Calendar No. 3). Decided January 4, 2016.

Michael Lego and his spouse, Pamela Lego, brought an action against Jake Liss in the Wayne Circuit Court, alleging that Liss, a police officer, acted with gross negligence when he shot Michael Lego, a fellow officer, while attempting to apprehend an armed-robbery suspect. Defendant moved for summary disposition, arguing that the suit was barred by MCL 600.2966, which provides immunity from tort liability for injuries arising from the normal, inherent, and foreseeable risks of the firefighter's or police officer's profession. The court, John H. Gillis, Jr., J., denied the motion, and defendant appealed. The Court of Appeals, OWENS and SHAPIRO, JJ., (JANSEN, P.J., concurring in part and dissenting in part), affirmed in an unpublished opinion per curiam, issued March 27, 2014 (Docket Nos. 312392 and 312406), holding in part that the applicability of MCL 600.2966 could not be decided as a matter of law because plaintiffs' allegations, if true, would demonstrate that defendant had acted in disregard of his police training and violated numerous safety procedures. The Supreme Court granted defendant's application for leave to appeal. 497 Mich 926 (2014).

In a unanimous opinion per curiam, the Supreme Court *held*:

The Court of Appeals erred by holding that defendant would not be entitled to immunity if he acted with gross negligence. MCL 600.2966 immunizes governmental entities and employees from all tort liability for an injury to a firefighter or police officer that arises from the normal, inherent, and foreseeable risks of the police officer's profession. These risks may include being shot by a fellow officer while engaging an active shooter, regardless of the degree of recklessness with which the injuring party acted. Accordingly, defendant was entitled to immunity as a matter of law.

Court of Appeals judgment reversed in part; case remanded to the Wayne Circuit Court for entry of an order granting summary disposition to defendant.

©2016 State of Michigan

# OPINION

Chief Justice:        Justices:
Robert P. Young, Jr.  Stephen J. Markman
                      Brian K. Zahra
                      Bridget M. McCormack
                      David F. Viviano
                      Richard H. Bernstein
                      Joan L. Larsen

FILED January 4, 2016

STATE OF MICHIGAN

SUPREME COURT

MICHAEL LEGO and PAMELA LEGO,

      Plaintiffs-Appellees,

v

                                                Nos. 149246 and
                                                    149247

JAKE LISS,

      Defendant-Appellant.

BEFORE THE ENTIRE BENCH

PER CURIAM.

We granted leave to appeal in this case to consider the scope of the immunity provision of the firefighter's rule for governmental entities and employees, MCL 600.2966. During an attempted apprehension of an armed-robbery suspect, the defendant, Jake Liss, a police officer, shot the plaintiff Michael Lego, also a police officer. Lego and his spouse, Pamela Lego, filed suit against the defendant, asserting gross negligence. The trial court denied the defendant's motion for summary disposition

based on MCL 600.2966 and the Court of Appeals affirmed in a divided opinion.[1] We granted leave to appeal. 497 Mich 926 (2014). We reverse in part the judgment of the Court of Appeals and remand this case to the Wayne Circuit Court for entry of an order granting summary disposition to the defendant.

Specifically, we disagree with the Court of Appeals majority that the applicability of MCL 600.2966 could not be decided at this time as a matter of law under the facts presented in this case. MCL 600.2966 provides in part as follows:

> The state, a political subdivision of this state, or a governmental agency, governmental officer or employee, volunteer acting on behalf of a government, and member of a governmentally created board, council, commission, or task force are *immune from tort liability* for an injury to a firefighter or police officer that arises from the *normal, inherent, and foreseeable* risks of the firefighter's or police officer's profession. [Emphasis added.]

The majority erred by affirming the denial of summary disposition to the defendant on the basis that the plaintiffs' allegations, if true, would demonstrate that the defendant acted in disregard of his police training and violated numerous safety procedures. The majority essentially determined that the defendant might not be entitled to immunity if his actions were especially egregious; in other words, if the defendant were grossly negligent, he would not be entitled to immunity because the injury resulting from his actions would not "arise[] from the normal, inherent, and foreseeable risks of

---

[1] *Lego v Liss*, unpublished opinion per curiam of the Court of Appeals, issued March 27, 2014 (Docket Nos. 312392 and 312406). The Court of Appeals also affirmed the trial court's denial of summary disposition to defendant based on the worker's compensation exclusive remedy provision, MCL 418.131(1), and defendant has not appealed that ruling.

2

[Michael Lego's] profession" as required under MCL 600.2966. This interpretation of the language "normal, inherent, and foreseeable risks," however, contravenes MCL 600.2966, especially when it is read in conjunction with the general firefighter's rule, MCL 600.2967.[2] That rule provides that a firefighter or police officer may sue for damages for injuries arising out of a normal, inherent, and foreseeable risk of his or her profession if the injuring party acted with (among other mental states) gross negligence. MCL 600.2967(1)(a)(*i*). But MCL 600.2966 exempts governmental entities and employees from that general rule by immunizing them from *all* tort liability "for an injury to a firefighter or police officer that arises from the normal, inherent, and foreseeable

---

[2] MCL 600.2967(1) provides in pertinent part:

Except as provided in [MCL 600.2966], a firefighter or police officer who seeks to recover damages for injury or death arising from the normal, inherent, and foreseeable risks of his or her profession while acting in his or her official capacity must prove that 1 or more of the following circumstances are present:

(a) An injury or resulting death that is a basis for the cause of action was caused by a person's conduct and that conduct is 1 or more of the following:

(*i*) Grossly negligent.

(*ii*) Wanton.

(*iii*) Willful.

(*iv*) Intentional.

(*v*) Conduct that results in a conviction, guilty plea, or plea of no contest to a crime under state or federal law, or a local criminal ordinance that substantially corresponds to a crime under state law.

3

risks of the firefighter's or police officer's profession." To hinge the applicability of this immunity provision on the degree of recklessness with which the defendant acted would undermine the statutory language by potentially denying immunity to a governmental defendant on the very basis for which the statute is intended to provide such immunity. Rather, when determining the applicability of the immunity provision of MCL 600.2966, the inquiry must be whether the injury arose from the normal, inherent, and foreseeable risks of the police officer's or firefighter's profession.

The undisputed facts here are that Michael Lego was shot by the defendant as both were attempting to apprehend an armed robbery suspect. As the Court of Appeals partial dissent correctly concluded, "being shot by a fellow police officer while engaging an active shooter is one of 'the normal, inherent, and foreseeable risks of . . . [a] police officer's profession' within the meaning of MCL 600.2966." This is true irrespective of whether the defendant was acting consistently with his training and departmental safety procedures or whether the defendant was grossly negligent while attempting to apprehend the suspect in this case.[3] Thus, no question of material fact remains unresolved.[4]

---

[3] This conclusion does not mean, as the Court of Appeals majority suggested, that being shot by another officer is "always, as a matter of law, a normal, inherent, and foreseeable risk of being a police officer." *Lego*, unpub op at 2. It simply means that the fact that there is a question whether the defendant acted with gross negligence cannot alone transform a normal, inherent, and foreseeable risk of a police officer's profession into one that is not normal, inherent, and foreseeable.

[4] To the extent that the Court of Appeals majority opinion relied on the federal district court decision in *Rought v Porter*, 965 F Supp 989, 994 (WD Mich, 1996), we agree with Court of Appeals Judge JANSEN in her partial dissent that it is not binding. *Lego*, unpub op at 2 (JANSEN, P.J., concurring in part and dissenting in part). See also *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004) (stating that lower federal court decisions are not binding on state courts). Further, while the phrase "normal, inherent,

4

Accordingly, the defendant is entitled to immunity as a matter of law.  We reverse in part the judgment of the Court of Appeals and remand this case to the Wayne Circuit Court for entry of an order granting summary disposition to the defendant.

Robert P. Young, Jr.
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

---

and foreseeable risks" can be traced to our interpretations of the common-law firefighter's rule, see e.g., *Kreski v Modern Wholesale Electric Supply Co*, 429 Mich 347, 351, 372; 415 NW2d 178 (1987), we are not bound by those interpretations because the common-law rule has been abolished, MCL 600.2965, and the phrase has not clearly acquired a "peculiar and appropriate meaning in the law," MCL 8.3a.