# STATE OF MICHIGAN

# COURT OF APPEALS

KRISTY BASTINE, VINCENT BASTINE, and
KRISPEN S. CARROLL, Trustee in Bankruptcy
of Kristy Bastine,

      Plaintiffs-Appellants,

v

CITY OF SOUTHFIELD, CITY OF DEARBORN
HEIGHTS, and TIM CIOCHON,

      Defendants-Appellees.

UNPUBLISHED
December 20, 2016

No. 328007
Wayne Circuit Court
LC No. 13-006180-NF

Before: GADOLA, P.J., and FORT HOOD and RIORDAN, JJ.

PER CURIAM.

Plaintiffs appeal as of right the trial court's order granting summary disposition in favor of defendants in this action alleging governmental liability against the city of Southfield and the city of Dearborn Heights, and gross negligence against Dearborn Heights Police Officer Tim Ciochon. We affirm.

This case arises from injuries incurred by Kristy Bastine, a Westland police officer, while participating in SWAT training. In 2012, Kristy applied to become a member of Westland's SWAT team. She thereafter was selected to participate in SWAT training in May 2012 with officers from other police departments. During the SWAT training, the trainees were told to quickly get into a general purpose vehicle (GPV) driven by Ciochon. The GPV is a heavy-duty assault vehicle equipped for off-road travel. Kristy and the other trainees got into the GPV, and Ciochon proceeded to drive the students on a dirt road for about five to seven minutes before returning to the starting point. The purpose of the drive was to familiarize the trainees with the process of quickly getting in and out of the vehicle in a setting similar to a real emergency. Kristy testified that when she entered the vehicle she looked for a seat belt but could not find one. Although the testimony of the witnesses regarding the events varies, the evidence indicates that shortly before returning to the starting point, the GPV hit an object, probably a tree stump. The impact caused Kristy to come off her seat, hit the roof of the vehicle with the back of her helmet, fall forward, and hit her chin and teeth on something inside the GPV. She was later diagnosed with a spinal fracture and traumatic brain injury.

-1-

Plaintiffs brought this action against the city of Southfield and the city of Dearborn Heights alleging governmental liability and against Ciochon alleging gross negligence. Defendants moved for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10). The trial court granted defendants summary disposition,[1] finding that plaintiffs' claims against defendants were barred by governmental immunity. The trial court reasoned that Kristy's injuries derived from the normal, inherent, and foreseeable risks of a police officer's profession, and that the firefighter's rule therefore barred her claims. Plaintiffs now appeal to this Court, contending that the trial court erred by granting summary disposition based on the statutory firefighter's rule in MCL 600.2966. We disagree.

This Court reviews a trial court's decision to grant summary disposition de novo. *Arabo v Mich Gaming Control Bd*, 310 Mich App 370, 382; 872 NW2d 223 (2015). We also review issues of statutory interpretation de novo. *City of Detroit v Ambassador Bridge Co,* 481 Mich 29, 35; 748 NW2d 221 (2008). The goal of statutory interpretation is to determine the intent of the Legislature and to thereafter implement that intent. *Kelly Serv, Inc v Dep't of Treasury*, 296 Mich App 306, 311; 818 NW2d 482 (2012). When the language of a statute is unambiguous, we assume that the Legislature intended the meaning clearly expressed. *Ford Motor Co v Dep't of Treasury*, 496 Mich 382, 389; 852 NW2d 786 (2014).

In this case the trial court found that plaintiffs' claims were barred by the firefighter's rule entitling defendants to summary disposition. A defendant is entitled to summary disposition pursuant to MCR 2.116(C)(7) if a plaintiff's claim is barred by immunity granted by law. *Pew v Mich State Univ*, 307 Mich App 328, 331-332; 859 NW2d 246 (2014). In reviewing a motion under MCR 2.116(C)(7), we accept as true the plaintiff's well-pleaded allegations of fact, construing them in the plaintiff's favor, and consider affidavits, pleadings, depositions, admissions, and any other documentary evidence submitted by the parties. *Bronson Methodist Hosp v Allstate Ins Co*, 286 Mich App 219, 222-223; 779 NW2d 304 (2009). If there is no factual dispute, the court will determine whether the plaintiff's claim is barred as a matter of law. *Kindcaid v Cardwell*, 300 Mich App 513, 522-523; 834 NW2d 122 (2013). If the parties, however, present evidence establishing a question of fact regarding whether the defendant is entitled to immunity as a matter of law, summary disposition is inappropriate. *Id*.

The Legislature codified the common-law firefighter's rule by enacting 1998 PA 389, MCL 600.2965 to 600.2967, effective November 30, 1998, which abrogated the common-law rule. *Boulton v Fenton Twp*, 272 Mich App 456, 459; 726 NW2d 733 (2007). MCL 600.2966 provides, in relevant part:

> The state, a political subdivision of this state, or a governmental agency, governmental officer or employee, volunteer acting on behalf of a government, and member of a governmentally created board, council, commission, or task force are immune from tort liability for an injury to a firefighter or police officer

---

[1] The trial court did not specify under which section of MCR 2.116(C) it was granting summary disposition, but did specify that plaintiffs' claims were barred because the firefighter's rule entitled defendants to immunity, placing this decision within the purview of MCR 2.116(C)(7).

that arises from the normal, inherent, and foreseeable risks of the firefighter's or police officer's profession. . . .

MCL 600.2967(1) provides, in relevant part:

(1) Except as provided in section 2966, a firefighter or police officer who seeks to recover damages for injury or death arising from the normal, inherent, and foreseeable risks of his or her profession while acting in his or her official capacity must prove that 1 or more of the following circumstances are present:

(a) An injury or resulting death that is a basis for the cause of action was caused by a person's conduct and that conduct is 1 or more of the following:

(*i*) Grossly negligent.

(*ii*) Wanton.

(*iii*) Willful.

(*iv*) Intentional.

(*v*) Conduct that results in a conviction, guilty plea, or plea of no contest to a crime under state or federal law, or a local criminal ordinance that substantially corresponds to a crime under state law.

Our Supreme Court recently considered the scope of immunity provided for governmental entities and employees by the firefighter's rule under MCL 600.2966 in *Lego v Liss*, 498 Mich 559, 560; 874 NW2d 684 (2016). In *Lego*, two police officers were attempting to apprehend an armed-robbery suspect when the defendant officer accidentally shot the plaintiff officer. The plaintiff officer filed suit against the defendant officer alleging gross negligence. The defendant officer sought summary disposition on the basis of governmental immunity under MCL 600.2966. The trial court denied the motion and this Court affirmed because the plaintiffs had alleged facts that, if true, would demonstrate that the defendant had violated police training and safety procedures. This Court determined that the defendant in that case might not be entitled to governmental immunity if his actions rose to the level of gross negligence, because that would indicate that the plaintiff officer's injuries did not arise from the normal, inherent, and foreseeable risks of the police officer's profession under MCL 600.2966.

Our Supreme Court reversed and remanded for entry of an order granting the defendant officer summary disposition. *Lego*, 498 Mich at 561. The Court determined that the facts presented permitted the trial court to decide as a matter of law whether the firefighter's rule granted the defendant immunity. Our Supreme Court further determined that the statute did in fact confer immunity upon the defendants. In reversing the decision of this Court, the Supreme Court stated, in relevant part:

This interpretation of the language "normal, inherent, and foreseeable risks," however, contravenes MCL 600.2966, especially when it is read in conjunction with the general firefighter's rule, MCL 600.2967. That rule provides that a

-3-

firefighter or police officer may sue for damages for injuries arising out of a normal, inherent, and foreseeable risk of his or her profession if the injuring party acted with (among other mental states) gross negligence. MCL 600.2967(1)(a)(*i*). But MCL 600.2966 exempts governmental entities and employees from that general rule by immunizing them from *all* tort liability "for an injury to a firefighter or police officer that arises from the normal, inherent, and foreseeable risks of the firefighter's or police officer's profession." To hinge the applicability of this immunity provision on the degree of recklessness with which the defendant acted would undermine the statutory language by potentially denying immunity to a governmental defendant on the very basis for which the statute is intended to provide such immunity. Rather, when determining the applicability of the immunity provision of MCL 600.2966, the inquiry must be whether the injury arose from the normal, inherent, and foreseeable risks of the police officer's or firefighter's profession. [*Id*. at 561-562.]

Our Supreme Court further explained that "the fact that there is a question whether the defendant acted with gross negligence cannot alone transform a normal, inherent, and foreseeable risk of a police officer's profession into one that is not normal, inherent, and foreseeable." *Id*. at 563 n 3.

In sum, the provisions of MCL 600.2967 do not apply to a cause of action against a governmental entity or its employees. Rather, MCL 600.2966 provides absolute immunity "from tort liability for an injury to a firefighter or police officer that arises from the normal, inherent, and foreseeable risks of the firefighter's or police officer's profession" without excepting gross negligence. MCL 600.2967(1) applies only when the defendant is not among the government actors delineated in MCL 600.2966. Accordingly, under *Lego*, whether in this case Ciochon was grossly negligent is irrelevant in determining whether defendants were entitled to immunity. This is true even if Ciochon acted in disregard of his training and violated safety procedures. *Lego*, 498 Mich at 563.

Here, the only question is whether Kristy's injuries arose from the normal, inherent, and foreseeable risks of the profession of police officer. The trial court in this case found that they did and we agree. In *Lego*, our Supreme Court held that being shot by a fellow police officer while trying to apprehend a suspect is one of the normal, inherent, and foreseeable risks of the profession of police officer. *Lego*, 498 Mich at 563. Similarly, this Court in *Boulton*, 272 Mich App at 461, held that the plaintiff police officer's injuries arose from the normal, inherent, and foreseeable risks of the police officer's profession when the plaintiff police officer was struck by a municipally-owned fire truck while at the scene of an accident, even though the driver of the fire truck allegedly had acted with gross negligence. *Id*. at 460-461.

Plaintiffs argue that the "normal, inherent, and foreseeable risks of the firefighter's or police officer's profession" should be determined by looking at a particular officer's "normal course of duties." Neither *Lego* nor *Boulton* provides support for that theory, however. In *Lego*, our Supreme Court considered the police profession in general, referring to "a" police officer's profession. *Lego*, 498 Mich at 563. Further, this Court has held that "[t]raining is a part of the operation of a police department, and participation in a police training exercise is therefore a governmental function." *Berger v City of Berkley*, 87 Mich App 361, 368; 275 NW2d 2 (1979).

In this case, accepting the facts as alleged by plaintiffs, being injured in a vehicle during SWAT training as a result of the vehicle hitting an object is a normal, inherent, and foreseeable risk of the police officer's profession. Therefore, the trial court properly determined that the firefighter's rule as codified in MCL 600.2966 bars plaintiffs' claims.

Plaintiffs also contend that the trial court erred by granting summary disposition because Southfield and Dearborn Heights were owners of the vehicle and, therefore, were liable under the motor vehicle exception to governmental immunity. However, it is unnecessary to reach this issue because, under *Boulton*, 272 Mich App at 460, even if a defendant would otherwise be liable under the motor vehicle exception, the claim is barred when, as in this case, it is subject to the firefighter's rule. Given our conclusion that the firefighter's rule applies, Southfield and Dearborn Heights cannot be liable under the motor vehicle exception.

Affirmed.


/s/ Michael F. Gadola
/s/ Karen M. Fort Hood
/s/ Michael J. Riordan