*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SCOTT KURASHIGE, PH.D., and EMILY MA LAWSIN,

UNPUBLISHED
October 8, 2019

Plaintiffs-Appellees,

v

No. 344559
Washtenaw Circuit Court
LC No. 16-001111-CD

UNIVERSITY OF MICHIGAN,

Defendant-Appellant.

Before: RIORDAN, P.J., and K. F. KELLY and CAMERON, JJ.

PER CURIAM.

In this discovery dispute, defendant-appellant, the University of Michigan ("the University"), appeals the trial court's order denying the University's request for a protective order prohibiting the deposition of then Board of Regents Chairperson Michael Behm ("Regent Behm").[1] We affirm.

This matter arises from plaintiffs-appellees, Scott Kurashige and Emily Lawsin, filing suit against the University based on allegations that the University engaged in discrimination, harassment, and retaliation in violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act, MCL 37.1101, *et seq.*, during the time that plaintiffs were employed by the University.

During the course of discovery, the University filed a motion for a protective order pursuant to MCR 2.302(C) to limit the number of depositions that plaintiffs were permitted to

---

[1] This Court denied the University's emergency interlocutory application for leave to appeal. *Kurashige v Univ of Mich*, unpublished order of the Court of Appeals, entered July 23, 2018 (Docket No. 344559). Subsequently, our Supreme Court, pursuant to MCR 7.305(H)(1) and in lieu of granting leave to appeal, remanded this case to this Court for consideration as on leave granted. *Kurashige v Univ of Mich*, 503 Mich 868 (2018).

conduct. Relevant to this interlocutory appeal, the University contended that the apex-deposition rule prohibited plaintiffs from deposing several high-ranking university officials, including Regent Behm. The University argued that the trial court had to limit the amount of depositions that plaintiffs were permitted to conduct to avoid unwarranted harassment. The University further argued that it was plaintiffs' burden to demonstrate that the individuals who plaintiffs sought to depose possessed unique information that was relevant to plaintiffs' claims. Plaintiffs opposed the motion.

After hearing oral arguments, the trial court denied the University's motion for a protective order. In doing so, the trial court stated the following from the bench:

> On the issue of depositions, I'm not limiting and telling you who you can or cannot depose. You depose who you want, and you depose who you want, and I recognize that's going to take some time.

In response to the trial court's ruling, the University filed a limited motion for reconsideration and argued that the trial court failed to apply the apex-deposition rule when ruling on the University's motion for a protective order in relation to Regent Behm. More specifically, the University argued, in relevant part, the following:

> 2. [The University] is not seeking reconsideration of the Court's order overall and is accepting the ruling that Plaintiff[s] can take over 30 depositions. [The University] is seeking reconsideration regarding only one witness: Chair of the University of Michigan Board of Regents, Michael Behm.

> 3. Board Chair Behm does not have any unique personal knowledge regarding relevant issues in this case that cannot be obtained from lower-ranking officials and from documents previously produced (including policies).

> 4. Much of the information Plaintiffs seek from Board Chair Behm is outside the scope of this case as defined by this Court's May 1, 2017 Order.[2]

> 5. Legal precedent holds that a high-ranking official such as the Chair of the Board should not be subjected to deposition in these circumstances.

The trial court denied the University's motion for reconsideration without explanation. The instant appeal followed.

This Court reviews for an abuse of discretion a trial court's decision to grant or deny a motion for a protective order. *Dep't of Health and Human Servs v Genesee Circuit Judge*, 318 Mich App 395, 407; 899 NW2d 57 (2016). "An abuse of discretion occurs when the decision

---

[2] In the May 1, 2017 Order, the trial court ruled that plaintiffs' claims "must be limited to events pertaining specifically to one or both [p]laintiffs which occurred on or after December 5, 2013."

falls outside the range of reasonable and principled outcomes." *McQueer v Perfect Fence Co*, 502 Mich 276, 296; 917 NW2d 584 (2018).

"Michigan has a broad discovery policy that permits the discovery of any matter that is not privileged and that is relevant to the pending case." *Arabo v Mich Gaming Control Bd*, 310 Mich App 370, 398; 872 NW2d 223 (2015) (quotation marks and citation omitted). However, where warranted, that broad discovery policy is not without reasonable limits. *Id*. In this case, the University sought a protective order precluding Regent Behm's deposition pursuant to MCR 2.302(C). MCR 2.302(C) provides, in relevant part, the following:

> [o]n motion by a party or by the person from whom discovery is sought, and on reasonable notice *and for good cause shown*, the court in which the action is pending may issue any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . . [Emphasis added.]

Thus, "[t]he movant must demonstrate good cause for the issuance of a protective order." *Arabo*, 310 Mich App at 398.

In this case, the University argues that good cause existed for the trial court to issue a protective order because Regent Behm's deposition is precluded by the proper application of the apex-deposition rule. In *Alberto v Toyota Motor Corp*, 289 Mich App 328, 339-340; 796 NW2d 490 (2010), this Court explained the rational for adopting the apex-deposition rule:

> [A]n apex corporate officer, like a high-ranking governmental official, often has no particularized or specialized knowledge of the day-to-day operations or the particular factual situations that lead to litigation, and has far-reaching and comprehensive employment duties that require a significant time commitment. And, therefore, to allow depositions of high-ranking governmental officials or corporate officers without any restriction or conditions could result in the abuse of the discovery process and harassment of the parties.

A corporate official, or the corporate entity on the official's behalf, invokes the protection of the apex-deposition rule by filing a motion for protection accompanied by an "affidavit or other testimony" of the official to support that the official "lacks personal knowledge or unique or superior information relevant to the claims in issue[.]" *Id.* at 336-339. Once the corporate official or the corporate entity moves for protection and provides a sufficient affidavit or testimony, the burden shifts to the party seeking the deposition to demonstrate that the official "has unique or superior knowledge of issues relevant to the litigation and that the information cannot be obtained by less intrusive means, such as by deposing lower-level officials or employees." *Id.* at 339.

In this case, the University sought to invoke the protection of the apex-deposition rule by filing a motion for a protective order. However, the motion was not accompanied by an affidavit

or other testimony from Regent Behm to support that he lacked personal knowledge or unique or superior information that was relevant to plaintiffs' claims.[3] Thus, the University—as the party opposing the deposition—failed to meet the initial burden outlined in *Alberto*, and plaintiffs were therefore not required to show that Regent Behm possesses "unique or superior knowledge of issues relevant to the litigation and that the information cannot be obtained by less intrusive means" in order to procure Regent Behm's deposition. See *Alberto*, 289 Mich App at 339. Although the University provides various explanations on appeal as to why Regent Behm does not have information relevant to this litigation, we cannot accept counsel's mere representations concerning the extent of Regent Behm's personal knowledge. See e.g., *In re Marx's Estate*, 201 Mich 504, 507; 167 NW 976 (1918) ("[I]t is not one of the functions of counsel to enlarge the record by voluntary and unsupported statements of fact in the brief, statements setting up facts which have been testified to by no witnesses, nor properly inferable from those established.").

In sum, the University failed to offer the requisite proof to demonstrate that Regent Behm was entitled to the protection of the apex-deposition rule. Because the University did not present the required evidence before the trial court to establish the good cause necessary for the issuance of a protective order under MCR 2.302(C), the trial court's decision to deny the University's motion for a protective order did not fall outside the range of reasonable and principled outcomes. See *McQueer*, 502 Mich at 296.[4] Although the trial court appears to have not applied the necessary standard set forth in *Alberto*, we will nevertheless uphold the ruling because the

---

[3] The University did not provide an affidavit or other testimony from Regent Behm when it filed its limited motion for reconsideration.

[4] We note that the University argues that the trial court erred by failing to read the contents of its motion for a protective order before ruling on the motion. However, in so arguing, the University does not provide authority or explain or rationalize the arguments. As a result, the argument is abandoned. See *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for [appellant's] claims, nor may [appellant] give issues cursory treatment with little or no citation of supporting authority.") (citations omitted). In any event, we find no factual support for the University's argument. Review of the relevant transcript establishes that the trial court heard oral arguments on the University's motion for a protective order at the same time that the court heard oral arguments in relation to plaintiffs' motion to compel and plaintiffs' motion for leave to file a third amended complaint. At the beginning of oral arguments, the trial court indicated that the court did not read "every one of those pages. . . ." The context in which this statement was made suggests that the trial court did not read the entirety of *plaintiffs'* motion to compel, which included a multitude of exhibits. Further, even if the trial court did not read the University's motion for a protective order before the hearing, the trial court specifically asked counsel to "distill" "the key points" raised in the motions and then provided the parties with ample time to make arguments. The University made use of this opportunity by making arguments concerning the apex-deposition rule. Thus, because the University was provided with the opportunity to make oral arguments in relation to the apex-deposition rule before the trial court rendered its ruling, the trial court was clearly aware of the University's arguments.

trial court reached the right result. See *Gleason v Mich Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003).

Affirmed.

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Thomas C. Cameron