*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* RAYMOND J. NICHOLSON REVOCABLE
TRUST AGREEMENT.

---

MICHAEL A. NICHOLSON, Successor Trustee of
the RAYMOND J. NICHOLSON REVOCABLE
TRUST AGREEMENT,

UNPUBLISHED
February 21, 2023

Appellant,

v

No. 360862
Oakland Probate Court

MARK A. PAPAK, and MARKIMA, LLC,

LC No. 2021-400938-CZ

Appellees.

---

Before: GADOLA, P.J., and BORRELLO and HOOD, JJ.

PER CURIAM.

Michael Nicholson, successor trustee of the Raymond J. Nicholson Revocable Trust Agreement, appeals as of right the probate court's ruling that "[c]omplete relief has been rendered" and closing the case. For the reasons set forth in this opinion, we vacate the trial court's order dismissing the case, vacate the trial court's order denying discovery, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

The following background facts are undisputed, based on the complaint and answer in this action. Michael Nicholson[1] "is the son of the decedent Raymond J. Nicholson, Sr., and is the Successor Trustee of the Raymond J. Nicholson Revocable Living Trust" (the Trust). Raymond,

---

[1] Because of the shared last name between family members, we will refer to these individuals by first name.

-1-

the settlor of the Trust, died on November 30, 2019. Mark Papak is the manager and sole member of Markima, LLC.

The issues on appeal revolve around the interpretation of MCL 700.1205(1), which is contained within the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq*. MCL 700.1205(1) provides as follows:

> (1) The court may order a person to appear before the court and be examined upon the matter of a complaint that is filed with the court under oath by a fiduciary, beneficiary, creditor, or another interested person of a decedent's or ward's trust or estate alleging any of the following:

> (a) The person is suspected of having, or has knowledge that another may have, concealed, embezzled, conveyed away, or disposed of the trustee's, decedent's, or ward's property.

> (b) The person has possession or knowledge of a deed, conveyance, bond, contract, or other writing that contains evidence of, or tends to disclose, the right, title, interest, or claim of the trustee, decedent, or ward to any of the trust or estate.

> (c) The person has possession or knowledge of a decedent's last will.

On June 28, 2021, Michael filed a verified complaint seeking an order against Papak and Markima compelling them to be examined regarding trust property under MCL 700.1205(1). According to the complaint, during Raymond's lifetime, Papak acted as his "confidante, accountant, fiduciary, business partner, investment advisor, attorney-in-fact and de facto business manager" during Raymond's lifetime. The complaint alleged that Papak indicated that when Raymond died, the Trust "owned significant assets in a number of different entities and business interests" as reflected in a spreadsheet that Papak had prepared on October 26, 2020. Although the complaint allegations are more specific, they may fairly be characterized as alleging that Papak disposed of or diluted various interests that the Trust held in multiple entities. There are additional allegations involving discrepancies in the amount owed on loans to entities owned by the Trust as reported by Papak when compared to other sources. Although it is not entirely clear, it appears that Nicholson's allegations potentially involve tens of millions of dollars in Trust assets.

The parties engaged in disputes over discovery. At a December 8, 2021 hearing, Michael's counsel conceded that MCL 700.1205 was the only statute at issue and on which Michael's claim for relief was predicated pursuant to the complaint. The trial court denied the parties' pending motions for discovery, apparently because it determined that "MCL 700.1205 grants neither party the right to discovery." Nonetheless, the trial court also ordered Papak and Markima to produce any documents in their possession or control related to the October 26, 2020 spreadsheet. The trial court ordered the examination pursuant to MCL 700.1205(1) to proceed on a subsequent date.

Papak appeared for the examination on February 8, 2022, and testified under oath. The judge was not present in the room. Michael's counsel questioned Papak at length, and the transcript of the proceeding reads much like a deposition transcript.

Papak's examination continued on March 14, 2022. As Michael's counsel was questioning Papak and while a question was pending, Papak's counsel interrupted to state that an order had been issued, which was read into the record as follows:

> On the court's motion and upon review of: 1) The court file; 2) The pleadings including the Complaint and Answer filed in this cause; 3) The objection(s) filed on February 9, 2022, and response(s) thereto; 4) Motions [] filed by Plaintiff on or about February 17, 2022; 5) The court's orders, including without limitation, the order following the December 8, 2021, hearing order, which has not been appealed:
>
> THE COURT FINDS: A) Complete relief has been rendered.
>
> IT IS ORDERED that: 1) The case is closed. 2) The documents filed on or after January 15, 2022, are stricken as moot.

Michael's counsel placed an objection on the record, arguing that the examination was not finished. The examination ended. The trial court entered a written order identical to the order read into the record. Michael now appeals.

## II. STANDARD OF REVIEW

This Court reviews de novo a probate court's decision to summarily dismiss an action. See *In re Monier Khalil Living Trust*, 328 Mich App 151, 161; 936 NW2d 694 (2019) ("The probate court's denial of petitioners' petition to remove and surcharge the trustees and for return of property to the trust was essentially a summary dismissal of the action pursuant to MCR 2.116(C)(10), which we review de novo.").[2] This Court "review[s] for an abuse of discretion a lower court's decision whether to allow discovery." *In re Monier Khalil Living Trust*, 328 Mich App at 170-171.

The issues on appeal present questions of statutory interpretation, which this Court reviews de novo as questions of law. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). "Statutory words and phrases must be interpreted according to their commonly understood meanings." *In re Estate of Stan*, 301 Mich App 435, 442; 839 NW2d 498 (2013). "If the language in a statute is clear and unambiguous, this Court assumes that the Legislature intended its plain meaning, and the statute must be enforced as written. This Court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the

---

[2] There was no summary disposition motion filed in the instant case. Similarly, in *In re Monier Khalil Living Trust*, 328 Mich App at 154, the "probate court dismissed the action without a hearing and despite that none of the parties filed a dispositive motion." This Court treated the probate court's ruling as essentially constituting a motion for summary disposition for purposes of defining the nature of appellate review to apply. *Id.* at 161. We apply the same approach in the present case.

words of the statute itself." *In re Gerald L Pollack Trust*, 309 Mich App 125, 134; 867 NW2d 884 (2015) (quotation marks and citation omitted).

## III. ANALYSIS

As previously noted, the issues on appeal focus on the meaning of MCL 700.1205(1), which provides as follows:

(1) The court[3] may order a person to appear before the court and be examined upon the matter of a complaint that is filed with the court under oath by a fiduciary, beneficiary, creditor, or another interested person of a decedent's or ward's trust or estate alleging any of the following:

(a) The person is suspected of having, or has knowledge that another may have, concealed, embezzled, conveyed away, or disposed of the trustee's, decedent's, or ward's property.

(b) The person has possession or knowledge of a deed, conveyance, bond, contract, or other writing that contains evidence of, or tends to disclose, the right, title, interest, or claim of the trustee, decedent, or ward to any of the trust or estate.

(c) The person has possession or knowledge of a decedent's last will.

The trial court did not provide any explanation of the legal basis for its decision that the action was dismissed because "complete relief" had been rendered. A trial court's unexplained ruling impedes this Court's ability to provide meaningful appellate review. See *Woodington v Shokoohi*, 288 Mich App 352, 354, 356-357; 792 NW2d 63 (2010) (explaining that the trial court's failure to adequately explain the reasons for its decision precluded meaningful appellate review because this Court was unable to discern the basis for the trial court's decision). Accordingly, we vacate the trial court's order of dismissal and remand the matter for the trial court to adequately explain the basis of any order it determines is appropriate such that the order may be subject to meaningful appellate review. *Id*.

However, in light of the trial court's task on remand, the dearth of caselaw interpreting MCL 700.1205(1),[4] and the confusion about the meaning of this statute that is evident from the record in this case, we conclude that further analysis is warranted. As Michael notes on appeal, it is unclear why the trial court believed that "complete relief" had been obtained. Nonetheless, the argument advanced by Papak and Markima on appeal suggests that this point is irrelevant and the trial court's ruling should be affirmed because there was no underlying trust or estate proceeding or action pending, therefore precluding Michael from being entitled to any relief under MCL 700.1205(1). Papak and Markima maintain that the mechanism described in MCL 700.1205(1) is only available once some other estate or trust proceeding has been commenced, after which a party

---

[3] As used in EPIC, "court" means "the probate court or, when applicable, the family division of circuit court." MCL 700.1103(j).

[4] This Court's research did not locate any published caselaw interpreting MCL 700.1205(1).

may file a complaint under MCL 700.1205(1). The trial court appeared to at least imply there was some merit to this theory at the December 8, 2021 hearing, although it declined to dismiss the action at that time. Thus, considering that remand is necessary, we will provide the trial court with guidance on the operation of MCL 700.1205(1).

The first question is whether an independent action may be filed under MCL 700.1205(1) when a trust is concerned or whether there must first be an underlying trust proceeding pending.

The reporters' comment,[5] to which the trial court referred at the December 8 hearing, is somewhat vague and provides little guidance. It states in pertinent part as follows:

> Subsections (1) and (2) of this section retain a discovery mechanism that has been a part of Michigan law for many years. They are substantially the same as RPC §607(1) and (2). It is important to understand that the discovery mechanism described in subsections (1) and (2) may be invoked only after some "complaint . . . is filed with the court." This necessitates that an estate be open or that a trust proceeding be pending before the court. [Martin & Harder, Estates and Protected Individuals Code with Reporters' Commentary (ICLE, February 2021 update), p 26.]

In an attempt to make sense of this comment, some background on litigating matters involving trusts in the probate court is helpful.

"Trust administration is governed by Article VII of EPIC, MCL 700.7101 *et seq*." *In re Temple Marital Trust*, 278 Mich App at 131. Trusts generally may be administered without judicial supervision. *Id.* "Subject to court jurisdiction as invoked by an interested person or as otherwise exercised as provided by law, the management and distribution of a trust estate, submission of an account or report to beneficiaries, payment of a trustee's fees and other trust obligations, acceptance and change of trusteeship, and any other aspect of trust administration shall proceed expeditiously consistent with the terms of the trust, free of judicial intervention, and without court order or approval or other court action." MCL 700.7201(2). "A court of this state may intervene in the administration of a trust to the extent its jurisdiction is invoked by an interested person or as provided by law." MCL 700.7201(1). "Unless an interested person invokes court jurisdiction, the administration of a trust shall proceed expeditiously, consistent with the terms of the trust, free of judicial intervention and without court order, approval, or other court action. Neither registration nor a proceeding concerning a trust results in continued supervisory proceedings." MCR 5.501(B).

"Procedure in probate court is governed by the general rules set forth in chapter one and by the rules applicable to other civil proceedings set forth in chapter two, except as modified by the rules in this chapter [i.e. Chapter 5]." MCR 5.001(A). In the probate court, "[t]here are two forms of action, a 'proceeding' and a 'civil action.' MCR 5.101(A). "A proceeding is commenced

---

[5] Although the reporters' commentary is not binding, this Court often refers to such comments to interpret a statute and has specifically done so in the context of EPIC. *In re Lundy Estate*, 291 Mich App 347, 354-355; 804 NW2d 773 (2011).

by filing an application or a petition with the court." MCR 5.101(B). More specifically, a "proceeding concerning a trust is commenced by filing a petition in the court." MCR 5.501(C). However, MCR 5.101(C) provides in relevant part that

> [t]he following actions must be titled civil actions and commenced by filing a complaint and are governed by the rules applicable to civil actions in circuit court:
>
> (1) Any action against another filed by a fiduciary or trustee.

Here, Michael initiated this action by filing a complaint against Papak and Markima, and Michael is the trustee of the Trust. This action is undisputedly a civil action rather than a proceeding. *Id*. Michael's complaint sought to compel Papak to appear before the court for examination pursuant to MCL 700.1205(1), generally alleging that Papak disposed of or diluted various interests that the Trust held in multiple entities and real estate without accounting for these amounts to Michael as the successor trustee, that there were discrepancies in the amount owed on loans to entities owned by the Trust, and that there were potentially tens of millions of dollars in Trust assets at stake.

MCL 700.1205(1) explicitly states that the "court may order a person to appear before the court and be examined *upon the matter of a complaint that is filed* with the court under oath *by a fiduciary, beneficiary, creditor, or another interested person of a decedent's or ward's trust or estate*" alleging one of the instances described in Subdivisions (a) through (c), generally related to the person's knowledge about the whereabouts or title of a trustee's or decedent's property or will. (Emphasis added.) "The court has exclusive legal and equitable jurisdiction of . . . [a] proceeding that concerns . . . the declaration of rights that involve a trust, trustee, or trust beneficiary, including, but not limited to, proceedings to . . . [d]etermine a question that arises in the administration or distribution of a trust . . . ." MCL 700.1302(b)(*v*). "The court has exclusive jurisdiction of proceedings in this state brought by a trustee or beneficiary that concern the administration of a trust as provided in section 1302(b) . . . ." MCL 700.7203(1).

Accordingly, Michael sufficiently invoked the probate court's jurisdiction to order Papak to appear for an examination by filing a verified complaint in the probate court seeking relief with respect to allegations that Papak had knowledge about the whereabouts and potentially fraudulent disposition of trust assets. MCL 700.1205(1); MCL 700.1302(b)(*v*); MCL 700.7203(1). Consistent with the general rule that trusts are to be administered without judicial intervention, *In re Temple Marital Trust*, 278 Mich App at 131; MCL 700.7201(2), and the statutory provision that a "court of this state may intervene in the administration of a trust *to the extent its jurisdiction is invoked by an interested person* or as provided by law," MCL 700.7201(1) (emphasis added), we conclude that MCL 700.1205(1) provides a narrowly prescribed mechanism for an interested person in the estate or trust to obtain information for the purposes set forth in the statute. It is evident that the purpose of this statute is to allow information to be gathered so as to locate and secure property of an estate or trust and to prevent such assets from being concealed, embezzled, improperly conveyed, or improperly relinquished.

Contrary to defendant's arguments, we cannot glean from MCL 700.1205(1) a requirement that a trustee must subject a trust to broader judicial intervention than necessary to obtain the limited relief sought. A trustee has the power to "prosecute, defend, arbitrate, settle, release,

compromise, or agree to indemnify an action, claim, or proceeding in any jurisdiction or under an alternative dispute resolution procedure[,]" and the "trustee may act under this subdivision for the trustee's protection in the performance of the trustee's duties." MCL 700.7817(x). Furthermore, MCL 700.7201(3) provides:

> (3) A proceeding involving a trust may relate to any matter involving the trust's administration, including a request for instructions and a determination regarding the validity, internal affairs, or settlement of a trust; the administration, distribution, modification, reformation, or termination of a trust; or the declaration of rights that involve a trust, trustee, or trust beneficiary, including, but not limited to, proceedings to do any of the following:
>
> (a) Appoint or remove a trustee.
>
> (b) Review the fees of a trustee.
>
> (c) Require, hear, and settle interim or final accounts.
>
> (d) Ascertain beneficiaries.
>
> (e) Determine a question that arises in the administration or distribution of a trust, including a question of construction of a trust.
>
> (f) Instruct a trustee and determine relative to a trustee the existence or nonexistence of an immunity, power, privilege, duty, or right.
>
> (g) Release registration of a trust.
>
> (h) Determine an action or proceeding that involves settlement of an irrevocable trust.

Next, Michael challenges the trial court's ruling denying other discovery. Although it is not exactly clear, we believe the primary basis of the trial court's ruling prohibiting the parties from obtaining discovery was the trial court's view that MCL 700.1205(1) did not grant either party a right to discovery. To the extent that this interpretation of the statute supported the trial court's ruling, the trial court erred. It is true that the statute is silent about the general concept of discovery, despite that the statute authorizes and describes a particular discovery tool and thus can be understood as a form of discovery. However, the trial court misunderstood the source of parties' right to engage in discovery under these circumstances.

As previously discussed, the instant action is a civil action in probate court. MCR 5.101(C)(1). Such actions are "governed by the rules applicable to civil actions in circuit court." MCR 5.101(C). Furthermore, "[d]iscovery for civil actions in probate court is governed by subchapter 2.300." MCR 5.131(A). "Michigan has a broad discovery policy that permits the discovery of any matter that is not privileged and that is relevant to the pending case." *Arabo v Mich Gaming Control Bd*, 310 Mich App 370, 398; 872 NW2d 223 (2015) (quotation marks and citation omitted). Under MCR 2.302(B)(1),

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claims or defenses and proportional to the needs of the case, taking into account all pertinent factors, including whether the burden or expense of the proposed discovery outweighs its likely benefit, the complexity of the case, the importance of the issues at stake in the action, the amount in controversy, and the parties' resources and access to relevant information. Information within the scope of discovery need not be admissible in evidence to be discoverable.

"However, Michigan's court rules acknowledge the wisdom of placing reasonable limits on discovery." *Arabo*, 310 Mich App at 398 (quotation marks and citation omitted). "The court may control the scope, order, and amount of discovery, consistent with these rules." MCR 2.301(C). MCR 2.302(C) provides in relevant part that

[o]n motion by a party or by the person from whom discovery is sought, and on reasonable notice and for good cause shown, the court in which the action is pending may issue any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following orders:

(1) that the discovery not be had;

(2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place;

(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

(4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters;

(5) that discovery be conducted with no one present except persons designated by the court;

(6) that a deposition, after being sealed, be opened only by order of the court;

(7) that a deposition shall be taken only for the purpose of discovery and shall not be admissible in evidence except for the purpose of impeachment;

(8) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way;

(9) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

If the motion for a protective order is denied in whole or in part, the court may, on terms and conditions as are just, order that a party or person provide or permit discovery. . . .

Accordingly, the trial court may permissibly limit the scope of discovery based on the factors as set forth in MCR 2.302(C). Moreover, in the instant action, the natural limiting factors regarding the scope of permissible discovery set forth in MCR 2.302(B)(1) related to relevance and proportionality may counsel in favor of limiting the scope of discovery: this action solely involves a mechanism that is itself a particular discovery tool and it should not be permitted to be abused as a means for conducting an unrestrained "fishing expedition." Indeed, the trial court's ruling denying discovery provides evidence that the trial court was aware of these concerns. The trial court's error consisted of determining that MCL 700.1205(1) essentially created a blanket prohibition on all other discovery. The analysis is actually more nuanced and requires consideration of the appropriate factors outlined in the above-cited court rules.

Therefore, we vacate the trial court's orders dismissing this action and denying discovery. On remand, the trial court may revisit all of these decisions as necessary and make its decisions by applying the proper legal framework, providing its reasoning so as to facilitate appellate review.

Finally, we note that the trial court did order Papak and Markima to produce certain documents. This order was made orally on the record when the trial court announced its ruling from the bench at the conclusion of the December 8, 2021 hearing. Papak and Markima argue on appeal that they were not bound by this order because it was not included in the subsequently issued written order. However, although "it is a settled maxim that courts generally speak through their judgments and decrees, and not their oral statements or written opinions," there nonetheless "are circumstances in which [a]n oral ruling has the same force and effect as a written order, as when, for example, an oral ruling clearly communicates the finality of the court's pronouncement." *Arbor Farms, LLC v GeoStar Corp*, 305 Mich App 374, 387-388; 853 NW2d 421 (2014) (quotation marks and citation omitted; alteration in original). "[I]t is not for a party to determine the validity of a court's order." *Id*. at 388. In light of our conclusions above, the trial court may also revisit this decision as well in the context of ruling on the appropriate scope of the examination and any relevant discovery.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff having prevailed is entitled to costs. MCR 7.219(A).

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Noah P. Hood